**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

KEVIN DASTE, ET AL                          CIVIL ACTION

VERSUS                                      NO. 12-1446

ELEGALSUPPLY.COM, LLC                       SECTION B (1)


**ORDER AND REASONS**

Before the Court is Defendant's Motion to Dismiss (Rec. Doc. No. 12) pursuant to Fed. R. Civ. P. 12(b)(1), (2), (4), (6) and (7). Plaintiffs Kevin Daste, et al. ("Plaintiffs") filed opposition (Rec. Doc. No. 15) thereto and Defendant Elegalsupply.com, LLC ("Defendant") replied (Rec. Doc. No. 20-1). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendant's Motion to Dismiss be **DENIED**.[1]


**PROCEDURAL AND FACTUAL HISTORY**

On February 22, 2007, Plaintiff, Daste, purchased and registered the "legalsupply.com" ("Domain Name") and subsequently on September 26, 2007, Daste modified the Domain Name registration information to reflect the domain management company Plaintiff Azeras, LLC ("Azeras"). On January 28, 2008, Defendant Elegalsupply.com, LLC ("Elegalsupply") filed a trademark

---

[1] We are grateful for the work on this case by Edem Tsiagbey, a Loyola Law School extern with our chambers.

application for the mark "eLegalsupply.com" but that application was rejected by the Primary Register. It secured a registration on the Supplemental Register on August 5, 2008, meaning the Defendant's mark is inherently a descriptive mark. 15 U.S.C. §1091.

On April 10, 2012, Defendant filed an administrative complaint against Azeras under the Uniform Domain Name Dispute Resolution Policy ("UDRP") to secure the transfer of the Domain Name to Defendant. The UDRP proceeding was assigned to the National Arbitration Forum ("NAF"). Fabulous.com ("Fabulous"), the domain's registrar ("Registrar") was notified and pursuant to their policy, Fabulous placed the domain in a "locked" status pending the decision by NAF. On May 22, 2012, NAF issued its decision requiring the transfer of the Domain Name to Defendant. On May 29, 2012, Fabulous implemented the NAF ruling transferring ownership of the Domain Name to Defendant.

On June 6, 2012, Plaintiffs filed the Complaint in this action in the U.S. District Court for the Eastern District of Louisiana to overturn the UDRP panel's decision awarding the Domain Name to Elegalsupply. (Rec. Doc. No. 1). On July 23, 2012, Defendant filed the Motion to Dismiss. (Rec. Doc. No. 12). Plaintiffs opposed the Motion on July 31, 2012. (Rec. Doc. No. 15). Defendant filed a Reply Memorandum on August 9, 2012. (Rec. Doc. No. 20).

**LAW AND ANALYSIS**

2

**A. Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss a plaintiff's complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Lack of subject-matter jurisdiction may be found in three instances: (1) the complaint; (2) the complaint supplemented by undisputed facts supplied in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.2d 657, 659 (5th Cir. 1996). A party seeking to invoke jurisdiction has the burden of proving its existence, and thus, a plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Furthermore, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

Federal question jurisdiction exists with respect to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). A party attacking a district court's jurisdiction based on subject matter may do so

3

facially or factually. *Menchaca v. Chrysler Credit Corp.*, 613 F .2d 507, 511 (5th Cir. 1980) (*cert. denied* ). Defendants in the instant case assert a facial attack, which merely requires the Court to inquire whether Plaintiffs have sufficiently alleged a basis for this Court to assert jurisdiction. *See Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Furthermore, whether a cause of action presents a federal question must be deduced from a well-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he plaintiff must ... prove, by a preponderance of the evidence, that the court does have jurisdiction based on the complaints and evidence." *Patterson*, 644 F.2d at 523.

Federal question subject matter jurisdiction exists in this case giving this Court original jurisdiction. Plaintiffs make claims under trademark and cyber-squatting law under federal law including: 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1051, et seq., and the ACPA, 15 U.S.C. § 1125(d) (Rec. Doc. No. 1). Supplemental jurisdiction exists over the state law claims. 28 U.S.C. § 1367.

Moreover, as the United States Court of Appeals recognized, decisions made by UDRP panels are non-binding. *See Barcelona.com, Inc. v Excelentisimo Ayuntamiento De Barcelona*, 330 F3d 617, 626 (4th Cir 2003). "[A]ny decision made by a panel under the UDRP is no more than an agreed-upon administration that is not given any deference under the ACPA." *Id.* To the contrary, because a UDRP

decision is susceptible to being grounded on principles foreign or hostile to American law, the ACPA authorizes reversing a panel decision if such a result is called for by application of the Lanham Act. *Id*. Therefore, this Court has the subject matter jurisdiction over the issues in this case.

## B. Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of a suit for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). A plaintiff must establish the court's jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). A court must accept all factual allegations as true and resolve any conflicts in favor of the plaintiff. *Luv N' care, Ltd. v Insta-Mix, Inc.*, 438 F3d 465, 469 (5th Cir. 2006).

Given that Louisiana's long-arm statute is co-extensive with the limits of constitutional due process, this Court must decide whether this Court's exercise of personal jurisdiction over Defendants would offend the Due Process Clause of the Fourteenth Amendment. *Seatrepid Louisiana, LLC v. Richard Phillips Marine*, Inc., 2009 U.S. Dist. LEXIS 46274, at *9 (E.D.La. May. 14, 2009). Due process will not be offended if the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

5

There are two types of personal jurisdiction—general or specific—depending on the contacts that a defendant has with the forum state. *See, e.g.*, *Luv N' Care*, 438 F.3d at 469. This Court finds personal jurisdiction in this case under specific jurisdiction. The Fifth Circuit has established three standards to apply when determining specific jurisdiction: (1) whether the defendant has minimum contacts with the forum state; (2) whether the cause of action arises out of or results from the defendant's contacts in the forum state; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *See, e.g.*, *Seiferth*, 472 F.3d at 271.

The United States Supreme Court has held that the minimum contacts requirement can be satisfied by a single act in which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzeqicz*, 471 U.S. 462, 475 (1985).

Here, Defendant avails itself to Louisiana's "protections" by shipping goods into the state and marketing to its residents. *See Burger King Corp.*, 471 U.S. at 475. It is therefore reasonable that Defendant "anticipate being haled into court" for its activities in Louisiana. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). Where a defendant knowingly benefits from the availability of a particular state's market for its products, it is only fitting

that the defendant be amenable to suit in that state." *Luv N' Care*, 438 F.3d at 469. Defendants actions which ultimately led to the loss of the Domain Name and claim for unfair business practices arose from Defendants contacts with Daste a Louisiana resident. (Rec. Doc. No. 15, at 9). "[J]urisdiction is proper ... where contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." *Burger King*, 471 U.S. at 475 (citing *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223 (1957)).

Having established that the requisite minimum contacts between the defendants and this state exist, "the burden of proof shifts to the defendant[s] to show that the assertion of jurisdiction is unfair and unreasonable." *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 384 (5th Cir. 2003). The Fifth Circuit has recognized that it is rarely the case that jurisdiction is unfair after minimum contacts have been established. *Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). In making a determination of whether the exercise of jurisdiction is fair and reasonable, courts consider: "the burden on the defendant having to litigate in this forum; the forum state's interests in the lawsuit; the plaintiff's interest in convenient and effective relief; the judicial system's interest in efficient resolution of controversies; and the state's shared interest in furthering fundamental social policies." *Id*.

7

The Defendant's national and Louisiana presence as well as its activities targeted at the Plaintiff, make the Court's exercise of personal jurisdiction fair and reasonable. Despite the Defendant being a New Jersey resident, by doing business in various states such as Louisiana and expecting the benefits and protections of various states, it is certainly foreseeable that litigation would occur in those states.

Furthermore, Louisiana has a strong interest in providing a forum for its residents. Daste is a resident of Louisiana and claims that Defendant's predominate tortious actions took place in Louisiana, the State has a legitimate interest in providing Respondent a forum in which to litigate his claims. Therefore, exercising personal jurisdiction over Movant in Louisiana would not offend notions of fair play and substantial justice.

## C. Service of Process

Rule 12(b)(4) permits a court to dismiss a complaint when the defendant alleges insufficient process under Rule 4 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b)(4). Rule 4(b) mandates that the "summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, [and] be directed to the defendant...." The purpose of Rule 4(b) is to guarantee that a defendant is informed that an action has been commenced against him. 2 Moore's Federal Practice, § 4.02(3).

In the instant case, the Plaintiffs concede that the summons were defective. (Rec. Doc. No. 15, at 18). However, since the complaint was filed on June 6, 2012, the Plaintiffs are afforded 120 days pursuant to FRCP 4(m), to perfect service.

**D. Failure to state a claim**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 663. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. at 664.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In their complaint Plaintiffs allege that they legally acquired the Domain Name, never sought to interfere with Defendant's business but were deprived of their possession of the Domain Name after a NAF hearing. (Rec. Doc. No. 1). Among other relief sought, Plaintiffs seek declaratory relief that they are the rightful owners and no trademark infringement occurred. Plaintiffs have therefore met the plausibility standard.

**E. Failure to join a required party**

Federal Rule of Civil Procedure 12(b)(7) authorizes a motion to dismiss for failure to join a required party in accordance with Rule 19. Fed.R.Civ.P. 12(b)(7). The movant bears the initial burden of demonstrating that an absent person or entity is a required party, but if an initial appraisal of the facts demonstrates the absent person or entity is required, the burden is shifted to the

opponent of joinder. *Hood v. Memphis*, 570 F.3d 625, 628 (5th Cir. 2009)(quoting *Pulitzer–Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)). Rule 19 provides a two-step analysis for deciding whether to dismiss an action for failure to join an absent party. First, Rule 19(a) provides a framework for deciding whether a given person should be joined. Second, if joinder is called for, Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined. Under Rule 19(a), a party who is subject to service and whose joinder will not deprive the court of jurisdiction shall be joined where certain criteria are satisfied. *See* Fed.R.Civ.P. 19(a)(1)-(2).

The first type of required party under Rule 19(a)(1) is one whose absence prevents the court from according complete relief among the existing parties. Fed.R.Civ.P. 19(a)(1)(A).  The second type of required party under Rule 19(a)(1) is one who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair, or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed.R.Civ.P. 19(a)(1)(B).

As Plaintiffs correctly point out, joinder of the Registrar, which is located in Australia, is unnecessary. (Rec. Doc. No. 15 at

19). The Registrar is not a required party as it has already transferred the Domain Name to the Defendant. *Id*. The Registrar's absence from the suit does not prevent the court from according complete relief among the existing parties.

Additionally, since the Registrar has transferred the Domain Name to the Defendant, disposing of the action in its absence does not impede Defendant's ability to protect to protect an interest or subject it to inconsistent obligations. Therefore, joinder of the Registrar is not needed. Since the Court has concluded that the Registrar does not constitute a required party under Rule 19(a), it need not address Rule 19(b).

Accordingly, and for the reasons articulated above, **IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. No. 12) be **DENIED.**

New Orleans, Louisiana, this 19th day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE